OPINION
{¶ 1} Defendant-appellant, Mike J. Shaffner, appeals from his conviction and sentence in the Madison County Court of Common Pleas for aggravated burglary and misdemeanor assault.
 {¶ 2} On April 10, 2002, appellant was indicted on one count of aggravated burglary, a violation of R.C. 2911.11(A)(1), and one count of felonious assault, a violation of R.C. 2903.11. The charges arose from allegations that appellant broke into the residence of his former girlfriend, Tabitha Chesbrough-Smith, and attacked her boyfriend, Mike Turner, kicking and punching him continuously. Appellant forcibly entered the front door of the residence despite the fact that the door had two locks on it, one of which was a deadbolt.
 {¶ 3} On June 3, 2002, the charges against appellant were tried to a jury. The jury found appellant guilty of aggravated burglary and the lesser included offense of misdemeanor assault, a violation of R.C.2903.13. The trial court sentenced appellant to a seven-year prison term on his aggravated burglary conviction and a six-month prison term on his assault conviction, and ordered him to serve the sentences concurrently.
 {¶ 4} Appellant appeals from his conviction and sentence, raising two assignments of error.
Assignment of Error No. 1
 {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT FAILED TO ORDER A VICTIM IMPACT STATEMENT PRIOR TO SENTENCING."
 {¶ 6} Appellant argues that the trial court erred by failing to order a victim impact statement as required by R.C. 2947.051(A).[1] He asserts that he was prejudiced by the trial court's failure to order a victim impact statement because such a statement may have included the facts that both Ms. Chesbrough-Smith and the minor child she and Shaffner have will "suffer both economically and socially"[2] because of Shaffner's absence during his incarceration. Appellant contends that had the trial court been made aware of these facts, it may not have given him such a lengthy sentence. We find this argument unpersuasive.
 {¶ 7} Appellant's trial counsel failed to object to the trial court's failure to order a victim impact statement; therefore, the trial court's failure to order the statement must constitute plain error. Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Generally, "[n]otice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 8} The trial court's failure to order preparation of a victim impact statement pursuant to R.C. 2947.051(A) did not amount to plain error. Assuming, arguendo, that Chesbrough-Smith, like Turner, was a victim in this case, Shaffner has failed to establish that he suffered prejudice as a result of the trial court's failure to order a victim impact statement focusing on the impact of appellant's offenses against Chesbrough-Smith. Victim impact statements generally work to the prosecution's benefit and the criminal defendant's detriment. All of the information which appellant claims would have been brought out in the victim impact statement was within appellant's knowledge and could have been raised at trial by him in mitigation of his crimes. He failed to raise these claims when he had the chance. In light of the foregoing, we conclude the trial court did not commit plain error when it failed to order the preparation of a victim impact statement in this case.
 {¶ 9} Appellant's first assignment of error is overruled.
Assignment of Error No. 2
 {¶ 10} "APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 11} Appellant argues that his counsel's conduct in failing to request a victim impact statement and in failing to object when the trial court did not order one constituted constitutionally ineffective assistance of counsel. We disagree with this argument.
 {¶ 12} To prevail on an ineffective assistance of counsel claim, a criminal defendant must show that his counsel's performance was deficientand that he was prejudiced thereby. Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052. To show that his counsel's performance was deficient, a defendant must show that his "counsel's representation fell below an objective standard of reasonableness." Id. at 688. To show that he was prejudiced by that deficient performance, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. A failure to make a sufficient showing on either the "performance" or "prejudice" prong of the Strickland standard will doom a defendant's ineffective assistance claim. Id. at 697.
 {¶ 13} The decision of appellant's trial counsel not to call to the trial court's attention the fact that no victim impact statement was filed in this case may have been a strategic choice made by counsel in the belief that such a statement would have done more harm than good. Such a strategic decision by trial counsel is entitled to broad deference by reviewing courts such as this one. Id. at 689.
 {¶ 14} Furthermore, it is apparent that appellant was not prejudiced by his counsel's failure to ensure that a victim impact statement was made in this case. As stated in response to appellant's first assignment of error, such statements generally benefit the prosecution, not the defendant. Also, defense counsel could have provided the trial court with the information that appellant contends would have been provided by a victim impact statement if counsel had believed that such information would have been beneficial. Appellant has failed to convince this court that, had his defense counsel presented this information to the trial court, there was a reasonable probability of a different result.
 {¶ 15} Appellant's second assignment of error is overruled.
 {¶ 16} The trial court's judgment is affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] {¶ a} R.C. 2947.051 states, in pertinent part:
{¶ b} "(A) In all criminal cases in which a person is convicted of or pleads guilty to a felony, if the offender, in committing the offense, caused, attempted to cause, threatened to cause, or created a risk of physical harm to the victim of the offense, the court, prior to sentencing the offender, shall order the preparation of a victim impact statement by the department of probation of the county in which the victim of the offense resides, by the court's own regular probation officer, or by a victim assistance program that is operated by the state, any county or municipal corporation, or any other governmental entity. The court, in accordance with sections 2929.13 and 2929.19 of the Revised Code, shall consider the victim impact statement in determining the sentence to be imposed upon the offender."
[2] Appellant's argument suggests that he should not be punished severely for the criminal conduct in which he engaged because one of his victims may suffer further economic and social harm.